998 So.2d 1016 (2008)
J.C. RAMSEY a/k/a Henry Earl Ramsey, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-01425-COA.
Court of Appeals of Mississippi.
July 29, 2008.
Rehearing Denied January 13, 2009.
Leslie S. Lee, Jackson, Glenn S. Swartzfager, Gay L. Polk-Payton, Attorneys for Appellant.
Office of the Attorney General by Stephanie Breland Wood, Attorney for Appellee.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. J.C. Ramsey was convicted by a jury in the Circuit Court of Forrest County of one count of grand larceny and two counts of auto burglary. The circuit court sentenced him as a habitual offender to serve ten years for the grand larceny conviction and seven years for each of the auto burglary convictions, with all sentences to run consecutively in the custody of the Mississippi Department of Corrections. Ramsey now appeals those convictions and sentences, arguing that the circuit court erred by refusing to find that he had presented a prima facie Batson challenge when the State excluded three African American jurors.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On the night of February 18, 2006, and during the early morning of February 19, items were stolen from three vehicles *1017 in Hattiesburg, Mississippi. Someone broke into Pam Pearson's vehicle and stole a number of videotapes, and at the same apartment complex, someone broke a window in Justin Harvison's car and stole his car stereo. A third victim, Chris Bass, noticed a man in the back of his work truck, but when he went outside to check, the man was gone. However, the man had stolen a chainsaw and some other tools from Bass's truck.
¶ 4. While police were responding to the call from Bass, another officer noticed Ramsey in the Wal-Mart parking lot, and Ramsey fit the suspect's description. Upon seeing the officer, Ramsey left the parking lot, but the officer stopped him and noticed a chainsaw and tools in the back of his truck that fit the description of those stolen from Bass. Police also found the stolen videotapes and car stereo in the same truck, which itself turned out to be stolen.
¶ 5. Ramsey was indicted on two counts of grand larceny, one for the theft of the pickup truck and one for the theft of the chainsaw and tools. He was also indicted on two counts of burglary of an automobile for the thefts of the videotapes and the car stereo.
¶ 6. Trial was held in the Circuit Court of Forrest County. Following voir dire, after the State tendered the first potential jurors, Ramsey raised a challenge under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), alleging that the State had improperly excluded three African American jurors with its first four peremptory challenges. The circuit court found no merit to the challenge, reasoning that jury selection had only just begun and that Ramsey had not put forth a prima facie case of discrimination. At no point during the remainder of the jury selection, nor following its conclusion, did Ramsey raise another Batson challenge.
¶ 7. The jury failed to return a verdict on the count of grand larceny for the theft of the pickup truck, so the circuit court declared a mistrial as to that count. As to the second count of grand larceny and the two counts of burglary of an automobile, the jury found Ramsey guilty. The circuit court sentenced Ramsey as a habitual offender to seven years for each count of burglary of an automobile and ten years for one count of grand larceny, with all the sentences to run consecutively.

STANDARD OF REVIEW
¶ 8. In Moore v. State, 914 So.2d 185, 189(¶ 11) (Miss.Ct.App.2005) (citations omitted), this Court stated its standard of review regarding a Batson challenge as follows:
Our standard of review requires reversal only if the factual findings of the trial judge are "clearly erroneous or against the overwhelming weight of the evidence." Any determination made by a trial judge under Batson is accorded great deference because it is "based, in a large part, on credibility." In the Batson context, the term "great deference" has been defined as meaning an insulation from appellate reversal of any trial findings which are not clearly erroneous.

ANALYSIS OF THE ISSUE
¶ 9. Ramsey asserts only one issue on appeal, which we quote verbatim: "The trial court erred when it found no prima facie case of discrimination by the prosecution when the State used three of the four peremptory challenges it exercised against African American jurors."
¶ 10. Ramsey does not take issue with the final makeup of his jury, and there is nothing in the record revealing what that final makeup of the jury was. Also, Ramsey's appellate brief seems to confuse how *1018 many peremptory challenges the State exercised and how many of those challenges were exercised against African Americans. To be clear, the State exercised five of its six total peremptory challenges. Going by the exchange that took place in response to Ramsey's Batson challenge, the State exercised three of its first four challenges to exclude African Americans. There is nothing in the record indicating what the race was of the fifth potential juror excluded by the State.
¶ 11. To establish a prima facie claim of discrimination under Batson, a defendant must show the following:
1. That he is a member of a "cognizable racial group;"
2. That the proponent has exercised peremptory challenges toward the elimination of veniremen of his race; and
3. That facts and circumstances raised an inference that the proponent used his peremptory challenges for the purpose of striking minorities.
Puckett v. State, 788 So.2d 752, 756(¶ 10) (Miss.2001) (quoting Batson, 476 U.S. at 97, 106 S.Ct. 1712).
¶ 12. The only evidence that Ramsey offered to support his allegations of discrimination was that the State excluded three African American jurors. Ramsey offered no evidence of any facts or circumstances from which the court could infer that the State was purposefully striking African American venire members. Furthermore, there was no such evidence in the record of any facts or circumstances that would support Ramsey's allegations.
¶ 13. In Ryals v. State, 794 So.2d 161, 164(¶ 10) (Miss.2001), the supreme court explained the rationale behind Batson as follows:
The Batson doctrine is not concerned with racial, gender, or ethnic balance on petit juries, and it does not hold that a party is entitled to a jury composed of or including members of [a] cognizable group. Rather, it is concerned exclusively with discriminatory intent on the part of the lawyer against whose use of his peremptory strikes the objection is interposed.
In Ryals, the supreme court found that the sole fact that the State exercised ten of its twelve peremptory challenges to exclude female venire members was not, in itself, enough to raise an inference of discriminatory intent. Id. at 166(¶ 15). This Court recently reaffirmed this principle when we stated, "The number of peremptory strikes which the State used against the minority members, standing alone, is insufficient to establish an inference to a pattern of purposeful discrimination." Gilbert v. State, 934 So.2d 330, 337(¶ 22) (Miss.Ct.App.2006) (citing Dennis v. State, 555 So.2d 679, 681 (Miss.1989)).
¶ 14. We find the analysis from Gilbert to be conclusive of the present issue because Ramsey offered no evidence in support of his Batson challenge other than the fact that the State excluded three African American venire members. Furthermore, the State did not exercise all of its peremptory challenges. The State used one, possibly two, of its challenges to exclude a non-African American venire member, and it also tendered at least one African American as a juror.
¶ 15. Upon examining the evidence in light of the great deference that we afford a circuit court in its ruling on a Batson challenge, we find no error with the court's finding that Ramsey did not establish a prima facie case of discrimination. Ramsey offered no evidence in support of his challenge other than the fact that the State excluded three African Americans, and we find there was no error in failing to require the State to present race-neutral *1019 reasons for exercising its peremptory challenges. This issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY OF CONVICTION OF COUNT II, AUTO BURGLARY, AND SENTENCE OF SEVEN YEARS AS A HABITUAL OFFENDER; COUNT III, AUTO BURGLARY, AND SENTENCE OF SEVEN YEARS AS A HABITUAL OFFENDER; AND COUNT IV, GRAND LARCENY, AND SENTENCE OF TEN YEARS AS A HABITUAL OFFENDER, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH ALL SENTENCES TO RUN CONSECUTIVELY AND TO BE SERVED WITHOUT THE POSSIBILITY OF PROBATION OR PAROLE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.